Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marie Jeannette Burt,<br><br>   Plaintiff,<br><br>vs.<br><br>Account Discovery Systems, LLC,<br><br>   Defendants. | No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Marie Jeannette Burt, for her Complaint against Defendant Account Discovery Systems, LLC, makes the following allegations:

**PARTIES AND JURISDICTION**

1. Plaintiff Marie Jeannette Burt ("Burt") is a resident of Maricopa County, Arizona.

2. Defendant Account Discovery Systems, LLC, ("ADS"), is a limited liability company domiciled in New York but authorized to do business, and doing business, in Arizona. Defendant ADS is regularly engaged as a "debt collector" as that term is defined in the Fair Debt Collection Practices Act. At all relevant times, Defendant ADS acted through its duly authorized agents, employees, officers, members, directors, and representatives.

3. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692 *et seq.*, in connection with Defendant ADS' actions to collect a non-existent debt against Burt.

4. At all relevant times, Burt was a "consumer" within the meaning of the Act and Defendant ADS was a "debt collector" within the meaning of the Act.

5. Defendant ADS was present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, that are the subject of this Complaint.

6. Jurisdiction exists in this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions under the Act may be brought in "any appropriate United States district court without regard to the amount in controversy." Jurisdiction also exists under 28 U.S.C. § 1331.

7. Venue is proper in this Court.

## GENERAL ALLEGATIONS

8. On or about January 31, 2013 Defendant ADS called Burt, informing her that ADS was calling her concerning a personal debt that she allegedly owed to Helzberg Diamonds.

9. ADS told Burt on this call that her son had purchased a diamond from Helzberg Diamonds six years earlier and that Burt's name was listed as a co-signor on the application, that her son defaulted on the debt, and that ADS was contacting Burt for payment of the outstanding balance of more than $21,000.00.

10. Burt denied any knowledge or any application with Helzberg Diamonds or any debt, and further stated that her son would never purchase a diamond ring for that amount of money. When Burt inquired why ADS was not contacting her son for repayment, ADS informed her that "he is not a viable candidate for repayment as he is unemployed, also you have very good credit and I see you have a credit card and I don't see why it would be a problem to just put it on your credit card."

11. During this call, ADS continually badgered and harassed Burt to the point that she was reduced to tears, repeatedly threatening to "file a judgment" against her and ruin her credit.

12. As part of its efforts to convince Burt that the debt was legitimate, ADS informed Burt that her Social Security number was listed on the application and it recited her social

security number. ADS also indicated that it had run her credit report and was aware of credit cards she had and the limits of those cards.

13. Burt denied owing the debt but felt harassed during the call based on the threats of a significant judgment, ADS' professed superior knowledge of the alleged debt, and its intimate knowledge of her credit and credit cards.

14. ADS repeatedly demanded payment of the $21,000.00, but offered to accept the sum of $7,000.00 on that date. ADS kept threatening Burt with a judgment for $21,000.00 until Burt relented and, under protest, gave ADS a credit card for the $7,000.00.

15. After hanging up the telephone, Burt conducted a further investigation and realized that the alleged "debt" was non-existent as she had never filled out an application at Helzberg Diamonds or accompanied her son to Helzberg Diamonds. In addition, Burt learned that information provided to her by ADS during the telephone call regarding the alleged debt was false.

16. Specifically, but without limitation, Burt learned that, though her son did have an account with Helzberg Diamonds, Burt's name was not on the account. Burt also learned that information regarding when the debt was first incurred and when it was written off was false.

17. Burt subsequently stopped payment to ADS and canceled the credit card. Burt was also forced to cancel other credit cards based on ADS' professed knowledge of her credit cards.

18. After she stopped the $7,000.00 payment to ADS, Burt received another telephone call from ADS, threatening her with legal action if she did not allow the payment to go through. Burt informed ADS that she had called the FTC to report ADS. ADS responded: "I don't care what the FTC told you. Are they the one that is going to be defending you in court?" ADS continued to harass Burt on this call until she hung up the telephone.

19. Defendant ADS called back minutes later and left a message stating that it wanted to speak to the police regarding Burt's actions and that ADS would appeal the $7,000.00 charge denial.

20. Burt has suffered and continues to suffer actual damages as a result of Defendant ADS' unlawful conduct.

21. As a direct consequence of Defendant ADS' acts, practices, and conduct, Burt has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT ONE
### (Violation of Fair Debt Collection Practices Act)

22. Burt incorporates all of the above allegations as if incorporated fully herein.

23. Defendant ADS attempted to collect an alleged debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

24. Defendant ADS has violated the Fair Debt Collection Practices Act. Specifically, but without limitation, Defendant ADS has falsely represented, and continue to falsely represent, the character and amount of the alleged debt in violation of 15 U.S.C. § 1692e and otherwise used false, deceptive and misleading representations in connection with collection of an alleged debt in violation of 15 U.S.C. § 1692e.

25. Defendant ADS has used unfair and unconscionable means to attempt to collect an alleged debt in violation of 15 U.S.C. § 1692f for the conduct alleged above.

26. Defendant ADS has failed to provide Burt with the notices required by 15 U.S.C. § 1692g(a), either in its initial communication with Burt of five days thereafter.

27. The foregoing acts and omissions of Defendant ADS constitute numerous violations of the Act, including but not limited to those provisions cited above.

28. Defendant ADS' acts, as alleged above, were done intentionally with the purpose of coercing Burt to pay the alleged debt.

29. Burt is entitled to damages as a result of Defendant ADS' actions.

WHEREFORE, Burt prays for judgment against Defendants as follows:

(A) For her actual damages in an amount proven at trial, including but not limited to damages for emotional distress, anxiety, and attorneys' fees incurred in the underlying action; compensatory damages and punitive damages; and all other damages as permitted by applicable law.

(B) For the maximum amount of statutory damages in the amount of $1,000.00 available under the Fair Debt Collection Practices Act.

(C) For an award of attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1692k.

(D) For all other damages available at law as discovery may reveal.

(E) Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all claims so triable.

DATED this 27th day of August 2013.

          DESSAULES LAW GROUP

          By: /s/ Jonathan A. Dessaules (#019439)
              Jonathan A. Dessaules
              *Attorneys for Plaintiff*